Dear Judge Ezell:
You have requested our opinion regarding the use of funds generated by fees assessed in accordance with R.S. 46:236.5, which statute requires the implementation of an expedited process for the establishment of paternity and the establishment or enforcement of support obligations by any court with jurisdiction over such matters. In pertinent part, R.S. 46:236.5B(1) provides that a court with jurisdiction to establish paternity or to establish or enforce a support obligation:
 ". . . may, by court order or rule, assess and collect a fee of not more that five percent of all existing and future support obligations to fund the administrative costs of a system for expedited process. The fee may be assessed and collected against existing and future arrearages as well as ongoing support payments, whether or not an arrearage exists." (Emphasis added).
Although R.S. 46:236.5 requires the establishment of an expedited process, it does not require the assessment and collection of the fee referred to in R.S. 46:236.5B(1) at all, nor does it require collection of a full five percent. Presumably, a court should only assess the amount needed, up to five percent of support obligations, to establish the expedited process.
If a court does need to assess and collect the fee, the only provision for use of the proceeds is the funding of the administrative costs associated with the expedited process. It is therefore, the opinion of this office that the proceeds of the fee referred to in 46:236.5B(1) cannot be utilized for court services that do not relate directly to the expedited process. Rather, the funds can only be utilized to "fund the administrative costs" of the system for expedited process for the establishment of paternity and the establishment or enforcement of support obligations.
We also note that the fee can be collected against arrearages and support payments, which means any amount collected by the court might otherwise go to the financial support of children and families. Particularly in light of this provision, it is the opinion of this office that the fee referred to in R.S. 46:236.5
cannot be utilized for general judicial purposes.
Trusting this adequately responds to your request, we remain,
Yours very truly,
 RICHARD P. IEYOUB Attorney General
BY: _________________________________________
 JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI:JMZB:jv
DATE RECEIVED: 5/13/96
DATE RELEASED:
JEANNE-MARIE ZERINGUE BARHAM, ASSISTANT ATTORNEY GENERAL